UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN IRVING JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4291** |
| **LA. DEPT. PUB. SAFETY AND CORRECT.** | **SECTION "I"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Alvin Irving Jr., is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] Irving was charged by bill of information in Tangipahoa Parish on February 13, 2001, with illegal possession of stolen things.[3]

He entered a plea of nolo contendere to the charge on August 6, 2002.[4] The state trial court sentenced him to serve 10 years in prison with credit for time served, and the remainder of the sentence was suspended.[5] Irving was placed on supervised probation for five years. He was ordered to report to the probation office on August 14, 2002.

On November 26, 2002, the prosecutor reported to the court that Irving had failed to report for felony monitoring,[6] and a bench warrant was issued. Irving appeared in court on March 31, 2003, the bench warrant was resolved and Irving was apparently returned to probation.[7]

---

[2] Rec. Doc. No. 1, 8.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 2/13/01.

[4] St. Rec. Vol. 1 of 1, Docket Entry, 8/6/02; Plea Transcript, 8/6/02.

[5] Id.

[6] St. Rec. Vol. 1 of 1, Docket Entry, 11/26/02.

[7] St. Rec. Vol. 1 of 1, Docket Entry, 3/31/03.

Irving was brought before the state trial court for a detention hearing on January 9, 2006.[8] The probation officer filed, on January 17, 2006, a motion seeking to revoke Irving's probation.[9] The officer indicated that Irving had been arrested four times during 2004 and 2005 and convicted once of another crime. The officer also indicated that Irving had failed to report-in or pay supervision fees since June of 2003 and had not complied with other conditions of his probation.

At the hearing held February 8, 2006, the court revoked Irving's probation and ordered that he serve the original 10-year sentence imposed on August 6, 2002.[10]

## II. FEDERAL HABEAS PETITION

On August 8, 2006, Irving filed a petition for federal habeas corpus relief in which he alleges that he was improperly brought back from California without a valid governor's warrant and that he was illegally detained by the probation office.[11]

The State filed an answer and memorandum in opposition to the petition alleging that Irving has failed to exhaust state court remedies. Alternatively, the State argues that Irving's claims are without merit because the method used to revoke his probation

---

[8]St. Rec. Vol. 1 of 1, Docket Entry, 1/9/06.

[9]St. Rec. Vol. 1 of 1, Motion and Order for Hearing to Revoke Probation, 1/17/06.

[10]St. Rec. Vol. 1 of 1, Docket Entry, 2/8/06; Revocation Hearing Transcript, 2/8/06.

[11]Rec. Doc. No. 1.

3

complied with Louisiana law and because he failed to show that he was improperly extradited.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[12] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Irving's petition, which, for reasons discussed below, is deemed filed in a federal court on July 28, 2006.[13]

---

[12] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[13] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Irving's petition was filed in by the clerk of court on August 8, 2006. Irving dated his signature on the petition on July 28, 2006. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Irving has failed to exhaust state court remedies regarding the claims raised in this federal petition. The record is clear that Irving has not exhausted available state court proceedings and his petition must be dismissed without prejudice for that reason.

IV.     EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor,

404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Irving must fairly present the same claims and legal theories he urges in this federal court to the Louisiana Supreme Court. The State argues that Irving has failed to seek any state court review, either in the

Louisiana First Circuit or the Louisiana Supreme Court, before pursuing federal habeas corpus relief.

The state court record filed by the State does not contain any indication that Irving sought review of his detention or revocation in the state appellate courts. Independent research by my staff confirms that Irving has filed no pleadings in the Louisiana Supreme Court related to his 2002 conviction or the subsequent probation revocation proceeding.[14] Irving offers nothing to establish that he has exhausted his state court remedies.

Therefore, Irving has failed to exhaust available state court remedies regarding his conviction, extradition, detention or revocation proceedings. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420). The record discloses no good cause for Irving's failure to exhaust this claim and this court can find none in the record. Rhines v. Weber, 544 U.S. 269, 278 (2005). This petition therefore must be dismissed without prejudice to require Irving to exhaust available state court remedies. Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

---

[14] A member of the court's staff contacted the office of the Clerk of the Louisiana Supreme Court on January 24, 2007, to confirm that Irving has made no such filings.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Alvin Irving Jr. for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __26th__ day of January, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE